

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-15-00256-CR

---

JACQUELINE ELAINE SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1332459D, Honorable David C. Hagerman, Presiding

---

April 11, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jaqueline Elaine Smith appealed her conviction for aggravated assault with a deadly weapon.[1] Her single issue on appeal involves the sufficiency of the evidence underlying the conviction. She avers that ". . . there is insufficient evidence for the jury to have found beyond a reasonable doubt that Appellant committed the offense of aggravated assault because Appellant was acting in self-defense at the time of the

---

[1] Counsel for appellant several times alludes to a conviction for murder in appellant's brief. Yet, the victim testified against appellant at trial. This may be why the State charged appellant simply with aggravated assault with a deadly weapon.

offense since she was being attacked in her home and was in fear of serious bodily injury or death."  We affirm. [2]

No one questions the sufficiency of the trial court's charge to the jury.  In it, it instructed the jurors that:

> Now, If you find from the evidence beyond a reasonable doubt that on or about the 28th day of June 2013, in Tarrant County, Texas, the Defendant, Jacqueline Elaine Smith, did then and there intentionally or knowingly cause bodily injury to Michelle Roberts by shooting her with a deadly weapon, to-wit: a firearm, as alleged in the indictment, but you further find from the evidence, or you have a reasonable doubt thereof, that at that time the defendant reasonably believed that [her] intervention was immediately necessary to prevent the other's imminent commission of burglary and she reasonably believed that the use of force other than deadly force to protect or recover the land or property would expose the defendant to a substantial risk of death or serious bodily injury, and so believing, she shot Michelle Roberts with a deadly weapon, to wit: a firearm, which caused serious bodily injury to Michelle Roberts, then you will acquit the defendant and say by your verdict "not guilty."

Before us, appellant does not deny twice shooting the victim, Michelle Roberts, with a handgun.  Instead, she asserts that she acted in self-defense.  In convicting her of aggravated assault, the jury obviously rejected her claimed defense.  Whether that decision was supported by sufficient evidence does not depend on whether the State presented evidence which refuted appellant's self-defense testimony.  *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); *Turner v. State*, No. 02-13-00487-CR, 2015 Tex. App. LEXIS 8559, at *2-4 (Tex. App.—Fort Worth, August 13, 2015, no pet.) (mem. op., not designated for publication).  Instead, we determine if after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable

---

[2] Because the appeal was transferred to this court from the Fort Worth Court of Appeals, we apply the latter's precedent where available should no controlling precedent from a higher court exist. *See* TEX. R. APP. P. 41.3.

doubt.  *Id.*  So too do "we view all of the evidence in the light most favorable to the verdict. . . ."  *Branigan v. State*, No. 02-13-00490-CR, 2015 Tex. App. LEXIS 5682, at *14 (Tex. App.—Fort Worth, June 4, 2015, no pet.) (mem. op., not designated for publication).  "This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Id.*  Furthermore, the "trier of fact is the sole judge of the weight and credibility of the evidence."  *Id.*  "Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder."  *Id.*  Rather, "we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict."  *Id.*  Also we "presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution."  *Id.*

Needless to say, the record before us contains an amalgam of conflicting evidence.  Appellant testified about how she was confronted at her apartment door by Michelle Roberts and two others, how two of them attempted to enter her apartment, how they physically accosted her, and how she felt sufficiently threatened to warrant removing a handgun from her night gown and twice shooting Roberts.  Others testified about appellant having previously threatened to "kill" Roberts, how they met with appellant on the day of the shooting to discuss some controversy, how neither Roberts nor the two accompanying her physically attacked appellant or attempted to enter the apartment, how they stood no closer than four feet from the entrance to appellant's apartment, how the conversation began in a relatively peaceful manner but escalated to

3

a yelling match between Roberts and appellant, how Roberts purportedly walked to the grass and away from appellant when she felt as if she was making no headway with appellant, how appellant then shot Roberts twice, and how one of those accompanying Roberts wrestled with appellant to remove the gun from her grasp after shooting Roberts. Viewing this amalgam of evidence in a light most favorable and according the jury its freedom to make credibility choices, we conclude that the evidence of record was enough to permit a rational trier of fact to 1) find the essential elements of aggravated assault beyond a reasonable doubt and 2) find against appellant on the self-defense issue beyond a reasonable doubt. Consequently, we overrule appellant's sole issue.

However, our review of the judgment revealed a clerical error therein. It states that appellant pled "guilty" to the offense when she actually pled "not guilty." Having the authority to modify the judgment to accurately reflect the record, *Nelson v. State*, 149 S.W.3d 206, 213 (Tex. App.—Fort Worth 2004, no pet.), we do so here by substituting the words "not guilty" for "guilty" under the category "Plea to Offense" appearing in the judgment. As modified, the judgment is affirmed.


Brian Quinn
Chief Justice